JESSE W. BIGSBY *vs.* THE ALLYNDALE WHITE MARBLE AND LIME COMPANY.

First Judicial District, Hartford, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A finding of facts upon conflicting evidence will not be disturbed by this court upon appeal.
In the present case the trial court found that certain promissory notes were negotiated for the benefit of the defendant company, in whose

behalf the plaintiff acted at its request, and not for his own personal benefit. *Held* that this conclusion was entirely reasonable upon the evidence before the court.

Claims not made in the court below cannot properly be assigned as errors on appeal.

Argued January 6th—decided March 15th, 1916.

ACTION to recover commissions for negotiating notes and for selling the defendant's stock, brought to and tried by the Superior Court in Hartford County, *Burpee, J.;* facts found and judgment rendered for the plaintiff for $1,142, and appeal by the defendant. *No error.*

*Harry E. Back*, for the appellant (defendant).

*Josiah H. Peck* and *Ralph M. Grant*, for the appellee (plaintiff).

PER CURIAM. The reasons of appeal all relate to alleged errors in refusing to correct the finding as made, and in refusing to find as requested. The evidence is now before us under § 797 of the General Statutes, and we are asked to correct the finding by striking out two of its paragraphs and by adding the third paragraph of the defendant's proposed finding. This motion, for the reasons hereinafter set forth, is denied.

The finding of the Superior Court states these facts: The plaintiff was employed by the defendant from some time in 1910 until May 1st, 1914, to sell its lime on a commission of two cents a barrel, and to sell some of its capital stock on a commission of ten per cent. In November, 1913, the plaintiff sold fifty shares of this capital stock belonging to the defendant, to one Jacobs, for $5,000. His commission on this sale was $500, which has never been paid. In February, 1912, at the request of the defendant and for its benefit, the plain-

tiff negotiated his note, which was indorsed by some officers of the defendant company, in the State Bank and Trust Company of Hartford, for $20,300. Subsequently, and in the same manner, he made and negotiated a similar note in the Hartford National Bank for $5,000; another in the State National Bank for $18,000; and another in the Connecticut River Banking Company for $17,500. The defendant received the proceeds of all these notes, and all of the benefit which accrued from these transactions. The usual and reasonable charge for such services is one per cent of the face of the original note negotiated in each bank. This commission, in the present case, is $608, which the plaintiff is entitled to recover and which has never been paid. Upon an accounting between the parties it appeared that the defendant owed the plaintiff $225.64. In this accounting the plaintiff was not given credit for any of the items above mentioned, but was given credit for the commissions due him for the sales of lime and for the sales of certain other stock. It was conceded that capital stock of the defendant company to the amount of $5,000 was sold to Jacobs. The plaintiff testified that it was agreed that he should receive ten per cent commission on all stock of the company that he sold; that he sold this stock to Jacobs; and that he had never been paid his commission for the sale. The defendant's witnesses denied that Bigsby made this sale.

The evidence upon this point is conflicting. We cannot say that the trial court could not reasonably sustain the plaintiff's contention upon this subject. It was admitted that the plaintiff had negotiated several notes at different banks in the city of Hartford. There was no controversy as to the amount of these notes and the banks at which they were negotiated by the plaintiff. The whole contention, in this connection,

Lee *v.* Casualty Co.

was whether the notes were negotiated for the benefit of the plaintiff or the defendant. The evidence of the plaintiff that these transactions were for the benefit of the defendant company was not unreasonable, indeed, his testimony upon this point was more consistent and probable than that of the defendant's witnesses, who testified that these notes were negotiated for the benefit of the plaintiff. The testimony fully supports the finding of the court upon this branch of the case.

If the finding were amended by adding certain other paragraphs of the defendant's draft-finding, as proposed, it would not then sustain the appeal.

The defendant, in its reasons of appeal, asserts that the plaintiff was not entitled to claim any commission upon the sale of the stock to Jacobs, for the reason that he was estopped from denying that he was not the owner of this stock. It can be said of this assignment of error that it does not appear that any such claim was made in the court below. We may also add that if this claim of estoppel had been properly presented, there was no ground to sustain any such proposition.

There is no error.